**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-21039-RAR**

**ZHANE BENNETT,**

Plaintiff,

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,**

Defendant.
_______________________________________/

# ORDER AFFIRMING IN PART AND ADOPTING REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lauren F. Louis's Report and Recommendations ("Report"), [ECF No. 64], on Plaintiff's Motion to Transfer and Abate Summary Judgment Deadlines ("Motion"), [ECF No. 50]. In her Motion, Plaintiff asks the Court to "transfer the case to the United States District Court for the Southern District of New York or in the alternative dismiss the case without prejudice and without costs and attorney fees being assessed against either party[.]"[1] Mot. at 5. In its Response to Plaintiff's Motion ("Response"), Defendant argues that transfer is inappropriate pursuant to 28 U.S.C. § 1404(a). *See* Resp., [ECF No. 52].

Magistrate Judge Louis's Report recommends that the Court grant Plaintiff's Motion in part and dismiss the action without prejudice. *See* Rep. at 5. Although the parties' briefing centers on whether this case should be transferred to another proper district pursuant to 28 U.S.C. § 1404,

[1] Plaintiff also asks for an abatement of the parties' deadline to file summary judgment motions. *See* Mot. at 1, 5. However, as the Report notes, both parties filed their Motions for Summary Judgment, [ECF Nos. 55, 57], on May 15, 2026. *See* Rep. at 4. Accordingly, Plaintiff's request for an abatement of summary judgment deadlines is **DENIED AS MOOT**.

the Report did not address these arguments. Instead, it concludes *sua sponte* that venue is improper here, pointing to "the Complaint's failure to plead venue." *Id.* The Report cites to 28 U.S.C. § 1406, which allows courts to transfer *or dismiss* a case when it is brought in the wrong venue, and it recommends dismissal because Defendant's Response "contested the transfer request on timeliness grounds, but . . . did not address Plaintiff's alternative argument concerning the dismissal without prejudice of this lawsuit." *Id.* at 4–5. Thus, because a party's failure to respond to an argument may result in waiver, "Defendant's failure to respond to this alternative argument is grounds for granting the dismissal without prejudice request." *Id.* at 5.

Defendant timely filed Objections to the Report ("Objections"), [ECF No. 67], to which Plaintiff filed a Response ("Response to Objections"), [ECF No. 68]. Defendant explains that although it "did not directly address Plaintiff's perfunctory dismissal request" in its Response to Plaintiff's Motion, it sufficiently responded to it by indicating that it "wished for this case to be resolved on the summary-judgment motions." Obj. at 3. Then, Defendant challenges the Report's determination that the case should be dismissed because venue is improper in this District and renews its argument in opposition to transfer under 28 U.S.C. § 1404(a). *See* Obj. at 5–7, 9–10. Defendant also attacks Plaintiff's request for dismissal without prejudice on procedural grounds, arguing that she failed to brief the argument in violation of S.D. Fla. Loc. R. 7.1(a)(1) and failed to confer with Defendant on it as required by S.D. Fla. Loc. R. 7.1(a)(3). *Id.* at 7–9.

Lastly, Defendant proposes an alternative. Defendant requests that "if this Court dismisses this action, then it only do so conditioned on a requirement that Plaintiff pay [Defendant's] attorney's fees and costs incurred in defending all or part of this lawsuit, should she later re-file a case based on or including the same claim for benefits." Obj. at 11. Defendant points to Fed. R. Civ. P. 41(d), which provides that "[i]f a plaintiff who previously dismissed an action in any court

files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." *Id.* (quoting FED. R. CIV. P. 41(d)). But in her Response to Defendant's Objections, Plaintiff argues that Defendant waived this request by not raising it in response to her Motion. Resp. to Obj. at 10. And she further argues that even if not waived, attorneys' fees should not be considered "costs" under Rule 41(d)—citing a split in authorities. *Id.*

## LEGAL STANDARD

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Defendant timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Louis's legal findings to which Defendant objected.[2] Upon careful review of Defendant's Objections and the record, the Court agrees with Magistrate Judge Louis's recommendation to grant Plaintiff's Motion in part and dismiss this case without prejudice. However, as set forth below, the Court's determination rests on different reasoning than the Report's.

## ANALYSIS

The Report recommends dismissal without prejudice pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the *wrong* division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). However, Defendant asserts—and the Court agrees—that § 1406(a) is inapplicable

[2] In its Response to Defendant's Objections, Plaintiff argues that "since the Defendant failed to address at all Plaintiff's alternative argument as grounds for granting the dismissal without prejudice to the Magistrate Judge, the scope of review should be 'plain error or manifest injustice.'" Resp. Obj. at 5–6. As the Court discusses below, district courts have discretion to consider arguments that are not first presented to the magistrate judge, and the Court herein exercises its discretion to evaluate some of Defendant's newly-raised arguments on Plaintiff's request for dismissal without prejudice. *See infra* at 8–9.

because Plaintiff did not bring this case in the wrong venue. While the Report does not address whether transfer to another proper venue is warranted pursuant to 28 U.S.C. § 1404(a), the Court also finds that the relevant factors do not favor transfer. But the Court agrees that this case should be dismissed without prejudice given Defendant's non-opposition to Plaintiff's request for dismissal—though for different reasons than those recommended by the Report.

**I. Venue is proper in this District under ERISA's broad venue provision.**

The Employment Retirement Income Security Act of 1974 ("ERISA") includes its own venue provision establishing that ERISA cases "may be brought in the district where the plan is administered, where the breach took place, or *where a defendant resides or may be found*[.]" 29 U.S.C. § 1132(e)(2) (emphasis added). The Eleventh Circuit has characterized ERISA's venue provision as "liberal" and "broad." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1522 (11th Cir. 1987). Indeed, ERISA "allow[s] at least somewhat broader federal venue than § 1391" because it "authorizes venue where 'a defendant resides or may be found' . . . effectively laying venue in any district in which a defendant is subject to personal jurisdiction." *Turner v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 7:14-CV-1244-LSC, 2015 WL 225495, at *10 (N.D. Ala. Jan. 16, 2015); *see also Varsic v. U.S. Dist. Ct. for Cent. Dist. of California*, 607 F.2d 245, 248 (9th Cir. 1979) ("[I]f personal jurisdiction is properly asserted over the [Defendant], it is 'found' there.").

Here, venue is proper in this District pursuant to ERISA's broad venue provision because Defendant, a nationwide insurer that does business within this District, can be "found" here. *See* 29 U.S.C. § 1132(e)(2). In concluding that venue is improper, the Report recites § 1391's general venue requirements and points to "the Complaint's failure to plead venue." Rep. at 5. Though Plaintiff's Complaint is sparse, it alleges Defendant is "a foreign corporation authorized to do business and actually doing business within the Southern District of Florida." Compl., [ECF No.

1] ¶ 2. Defendant also never contested venue or personal jurisdiction in its Answer and proceeded to actively litigate this case here. *See generally* Answer, [ECF No. 13]. And with the exception of a passing reference to § 1406, Plaintiff's Motion itself does not even argue that venue is improper in this District. *See* Mot. at 1 (requesting transfer "in accordance with 28 USC §§ 1404, 1406 and/or 1631" at the outset but making no further mention of § 1406 or claim of improper venue).

Instead, Plaintiff's Motion clearly seeks transfer from one proper venue to another for convenience purposes pursuant to § 1404, maintaining that she "has no connection with the Southern District of Florida" and "was not aware that the case would be filed in Florida until after filing this action." Mot. at 3. Both parties cite to § 1404's proclamation that "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought,"—but never maintain that venue is improper in this District. *Id.* at 4; Resp. at 5. Plaintiff also filed a Declaration in support of her Motion stating: "I respectfully request that this Court transfer this matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), as that forum is more appropriate and convenient[.]" [ECF No. 51] at 2.

Despite fulsome briefing by the parties on whether transfer is warranted pursuant to § 1404, the Report does not mention § 1404—relying instead on § 1406 and the proposition that "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction[.]" Rep. at 4–5 (quoting *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988)). But the Court disagrees with the Report's conclusion that Plaintiff's case should be dismissed due to improper venue.

**II. Transfer is not warranted pursuant to 28 U.S.C. § 1404.**

Because venue is proper in this District and § 1406 is inapplicable, Plaintiff's Motion to Transfer is governed by § 1404. "'For the convenience of parties and witnesses,' section 1404(a) allows the district courts to transfer an action to another proper venue if such a transfer will be 'in the interest of justice.'" *In re Ricoh Corp.*, 870 F.2d 570, 572 (11th Cir. 1989) (quoting 28 U.S.C. § 1404(a)). Indeed, "[t]he overarching purpose of § 1404 is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Kelling v. Hartford Life & Acc. Ins. Co.*, 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (internal quotations omitted).

District courts apply a two-step test to determine whether transfer is warranted under § 1404(a). "First, a case can only be transferred to a 'district where the action might have been brought' in the first instance." *Williams v. Unum Life Ins. Co. of Am.*, No. 24-24113, 2025 WL 1591213, at *1 (S.D. Fla. June 5, 2025) (quoting 28 U.S.C. § 1404(a)). "Second, the transfer must be warranted on grounds of convenience to the parties and the interests of justice."[3] *Id.* Here, the parties do not dispute that this action could have been brought in New York. *See* Resp. at 6. Thus, the Court's determination hinges on whether transfer is warranted to promote convenience and the interests of justice. Considering the facts of this case and the relevant factors, the Court concludes that transfer is not appropriate.

[3] These factors include "1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Williams*, 2025 WL 1591213, at *1 (citing *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1277 (S.D. Fla. 2020)).

In her Motion, Plaintiff argues that transfer to the Southern or Eastern District of New York is warranted because she has no connection to the Southern District of Florida, she lives in New York, and all of her medical providers relevant to this action are also located in New York. *See* Mot. at 3. Defendant avers that several factors—including the nature of this case, the amount of time it has been pending in this District, and the fact that Plaintiff originally selected this forum—all weigh against transfer. *See* Resp. at 6–10. The Report does not address any of these arguments, and Defendants' Objections reemphasize that "the purpose of § 1404 will be thwarted" if the Court were to transfer this case. Obj. at 10.

The Court agrees with Defendant that the relevant factors weigh against transferring this case to New York. Plaintiff filed this case seventeen months ago. *See* Compl. The parties actively litigated during its pendency and have both mediated and participated in a Settlement Conference before Magistrate Judge Louis. *See* [ECF Nos. 18, 42]. Now, both parties have filed Motions for Summary Judgment, indicating that this case has reached its final stages. *See* [ECF Nos. 55, 57]. And, as Defendant points out, because this case involves an ERISA claim for benefits following an administrative appeal, it more closely resembles an appeal based on review of the record and dispositive motion practice rather than a triable action. *See* Resp. at 6–7; *see also Williams*, 2025 WL 1591213, at *2–3 (denying motion to transfer given the nature of an ERISA case and the untimeliness of the transfer request).

It is finally worth noting that although Plaintiff now claims that she was not aware that her prior counsel would be filing the case in this District, Plaintiff did not seek transfer until over a year after the case was filed. *See* Mot. at 3. Indeed, Plaintiff first sought transfer while she was proceeding *pro se* following the withdrawal of her former counsel, on the grounds that she "resides in New York and receives court correspondence there but does not have electronic filing access"

and "must rely on overnight shipping services (e.g., FedEx and UPS), incurring significant costs (approximately $100 per mailing) and delays[.]" [ECF No. 37] at 2. But now that Plaintiff has obtained new counsel, she can no longer claim that she faces these setbacks. Thus, transfer would not promote convenience or serve the interests of justice.

**III. Plaintiff's unopposed request for voluntary dismissal is granted with conditions.**

Lastly, the Court turns to Plaintiff's alternative request for dismissal without prejudice, which Defendant did not acknowledge in its Response. *See* Mot. at 5. In her Report, Magistrate Judge Louis notes that while Defendant's Response opposed transfer, it did not respond to Plaintiff's alternative request for dismissal. Rep. at 5. Accordingly, the Report recommends dismissal without prejudice, but the recommendation is based on the flawed premise that venue is improper in this District. *Id.* The Court agrees with the Report that dismissal without prejudice is appropriate, but it rests this conclusion on different grounds.

The Court properly construes Plaintiff's alternative request as a Motion for Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41. Neither the Motion nor the Report cite to Rule 41, but it appears this was Plaintiff's intent. The proposed order Plaintiff attached to her Motion specifies that she has moved "in the alternative, for voluntary dismissal without prejudice and without costs and attorneys [fees] being assessed against either party to this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure." Mot. at 7. As the Report recognizes, Defendant's did not oppose or otherwise respond to Plaintiff's alternative Motion for Voluntary Dismissal in its Response. Rep. at 5. Based on Plaintiff's unopposed request, this case should be dismissed without prejudice.

In its Objections, Defendant characterizes Plaintiff's dismissal request as "perfunctory" and criticizes Plaintiff for failing to incorporate a memorandum of law and confer with Defendant

about it. *See* Obj. at 7–9. Defendant also argues, in the alternative, that if the Court dismisses the action, it should condition the dismissal on a requirement that Plaintiff pay Defendant's attorneys' fees and costs in the instant action if she subsequently refiles this same case. *Id.* at 11. However, these arguments were raised for the first time in Defendant's Objections, after Defendant wholesale failed to address Plaintiff's request for voluntary dismissal in its Response.

In this Circuit, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Here, while the Court declines to consider Defendants' former objections relating to the procedural sufficiency of Plaintiff's Motion for Voluntary Dismissal, it will consider Defendant's latter request to condition voluntary dismissal on an award of fees and costs if Plaintiff were to refile. In this District, "conferral between the parties regarding an appropriate portion of the expenses of litigation is especially important" on motions for voluntary dismissal in order to enable the defendant to present its position on the dismissal's terms. *Essex Gardens v. Atain Specialty Ins. Co.*, No. 18-22232, 2019 WL 1316993, at *2 (S.D. Fla. Jan. 7, 2019) (cleaned up). But here, given that Defendant presents its position on such terms in its Objections, the Court finds that the spirit of this conferral requirement has been met.

Where, as here, the defendant has filed either answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Rule 41 further provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." *Id.* at 41(d). Ultimately, "the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in

each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986).

"[A] district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* at 856. Defendant expresses its position in its Objections—"requesting that if this Court dismisses this action, then it only do so conditioned on a requirement that Plaintiff pay [its] attorney's fees and costs incurred in defending all or part of this lawsuit, should she later re-file a case based on or including the same claim for benefits[.]" Obj. at 11. But in her Response to Defendant's Objections, Plaintiff urges the Court not to consider attorneys' fees as "costs" under Rule 41(d). Plaintiff points out that this question has split circuit courts nationwide, *see* Resp. to Obj. at 10–12, but the Eleventh Circuit has not expressly weighed in. *See Sargeant v. Hall*, 951 F.3d 1280, 1282 n.1 (11th Cir. 2020) ("The parties dispute whether 'costs' under Rule 41(d) includes attorneys' fees. We do not reach this issue because we conclude that Rule 41(d) costs cannot be awarded in this case.").

Plaintiff asks the Court to follow the Sixth Circuit, the only one to categorically hold that "attorney fees are not available under Rule 41(d)" because "the rule does not explicitly provide for them." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000). Conversely, the Second, Eighth, and Tenth Circuits have held that it is fully within district courts' discretion to award attorneys' fees as part of costs under Rule 41(d). *See Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13 (2d Cir. 2018); *Meredith v. Stovall*, 216 F.3d 1087 (10th Cir. 2000); *Evans v. Safeway Stores, Inc.*, 623 F.2d 121 (8th Cir. 1980). And the Third, Fourth, Fifth, and Seventh Circuits have authorized them only if the substantive statute forming the basis for the original suit allows the recovery of attorneys' fees as costs. *Garza Citigroup, Inc.*, 881 F.3d 277 (3d Cir. 2018);

*Portillo v. Cunningham*, 872 F.3d 728 (5th Cir. 2017); *Andrews Am.'s Living Ctrs., LLC*, 827 F.3d 306 (4th Cir. 2016); *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000).

Several courts within this Circuit have held that attorneys' fees can be awarded as costs pursuant to Rule 41(d). *See NF Imp. & Exp., Inc. v. VIA Mat Int'l AG*, No. 11-23371, 2012 WL 13013078, at *4 (S.D. Fla. Aug. 3, 2012), *report and recommendation adopted*, No. 11-23371, 2012 WL 13013236 (S.D. Fla. Sept. 25, 2012) (collecting cases). Though the Eleventh Circuit has not directly answered this question, it has held that a district court did not abuse its discretion by conditioning a voluntary dismissal on the payment of costs and fees if the plaintiff were to refile. *See Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1331 (11th Cir. 2023) ("The district court sufficiently protected the executives from the prejudice of duplicative litigation by essentially inviting them to move for payment of their costs and fees if the companies ever refiled their federal lawsuit.").

However, in the instant case, the Court declines to include attorneys' fees as costs for two reasons. First, the Court is guided by the plain text of Rule 41(d), which expressly authorizes the award of costs but is silent on fees. *See* FED. R. CIV. P. 41(d) ("[T]he court . . . may order the plaintiff to pay all or part of the *costs* of that previous action.") (emphasis added); *Rogers*, 230 F.3d at 874 ("Where Congress has intended to provide for an award of attorney fees, it has usually stated as much and not left the courts guessing."). Second, the Court is persuaded by the Third, Fifth, and Seventh Circuits' approach because ERISA expressly distinguishes between costs and attorneys' fees. *See* 29 U.S.C. § 1132(g); *see also MSP Recovery Claims, Series LLC v. Northland Ins. Co.*, No. 20-CV-24176, 2021 WL 3410390, at *5 (S.D. Fla. Aug. 4, 2021) (following the Third, Fifth, and Seventh Circuits' approach in the absence of guidance from the Eleventh

Circuit).[4]

Though the Court will not condition Plaintiff's voluntary dismissal on a requirement that she pay Defendants' attorney's fees, the Court nonetheless finds it appropriate to require Plaintiff to pay all costs incurred by Defendant in litigating this suit if she were to refile. Such a condition is expressly permitted by the text of Rule 41(d), and the Eleventh Circuit has emphasized that "[i]n exercising its 'broad equitable discretion under Rule 41(a)(2),' the district court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (quoting *McCants*, 781 F.2d at 857). Moreover, Plaintiff does not appear to object to the Court imposing such a condition, as her briefing only argues that fees are not within Rule 41(d)'s definition of costs. *See* Resp. Obj. at 10–12.

Requiring Plaintiff to pay Defendant's costs if she were to refile would adequately protect Defendant's interests by compensating Defendant for the costs it incurred in defending this suit for over a year. *See McCants*, 781 F.2d at 856. Indeed, if Plaintiff opposed her lawyer's choice of venue and simply wanted to refile in New York, she would have accepted a dismissal without prejudice after her prior counsel withdrew in November of 2025. *See* [ECF No. 23]. Instead, Plaintiff fought to stay in this Court—first by filing a last-minute Motion for Extension of Time to Obtain New Counsel, [ECF No. 27], and then by electing to proceed *pro se* when she was unable to find a lawyer in time, [ECF No. 30]—only to now seek dismissal.

---

[4] The Court has, in the past, exercised its discretion to condition a plaintiff's voluntary dismissal on the payment of defendants' costs and fees if they were to refile. *See Brunelus v. Model Row Inc.*, No. 22-60725, 2022 WL 22825872, at *2 (S.D. Fla. June 30, 2022); *Aguilar v. AstraZeneca Pharms., L.P.*, No. 21-60612, 2022 WL 293253, at *1 (S.D. Fla. Jan. 31, 2022). But the Court declines to do so under these circumstances because Plaintiff opposes Defendant's request and ERISA expressly distinguishes between costs and fees.

Throughout the seventeen months that this case has been pending, Plaintiff's actions have been riddled with inconsistencies. Plaintiff—through prior counsel—brought her case in this District and proceeded to actively litigate while appearing fully aware of her choice of venue. *See* Joint Motion for Permission to Appear by Videoconference at Mediation, [ECF No. 15] at 1 ("Plaintiff lives in New York, New York, and seeks to avoid the costs associated with traveling to the mediation conference in Tampa, Florida."). After her prior counsel withdrew, she went to great lengths to maintain this action here. *See* [ECF Nos. 27, 30]. And for months, she proceeded *pro se*, during which time she repeatedly failed to confer with Defendant and made alleged misrepresentations to the Court. *See generally* [ECF Nos. 37–40]. Then, after finally obtaining new counsel, Plaintiff participated in a Settlement Conference despite unsuccessfully trying to continue it days before. *See* [ECF No. 38]. But as Magistrate Judge Louis noted in the Minute Entry, "[a]t one hour mark, Plaintiff requested declaration of an impasse." [ECF No. 42]. Now, after over a year of litigation, Plaintiff fiercely opposes this venue and blames her prior counsel for filing her case here without explanation and against her will. Mot. at 3.

Amid these inconsistencies, Plaintiff has made one thing clear. By requesting either transfer or dismissal of her case, she no longer wants to litigate in this District. And because her request for a voluntary dismissal went unopposed, she does not have to. But Plaintiff must recognize that both Defendant and the Court have expended significant resources throughout the pendency of this case which could have been avoided had she previously accepted the dismissal without prejudice she now seeks. Thus, if Plaintiff refiles this same action, either in New York or any other district, Defendant may move for Plaintiff to pay its costs from the instant suit. Such an outcome honors Plaintiff's request for dismissal while also compensating Defendant for the expenses it incurred while litigating this case should it later face the same one again.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections, [ECF No. 67], are **SUSTAINED IN PART** and Magistrate Judge Louis's Report, [ECF No. 64], is **AFFIRMED IN PART AND ADOPTED**.

2. Plaintiff's Motion, [ECF No. 50], is **GRANTED IN PART**.

3. This case is **DISMISSED** ***without prejudice***.

4. In the event that Plaintiff refiles this action, Defendant shall be entitled to reimbursement by Plaintiff of all costs incurred in defending this case.

5. The parties' Motions for Summary Judgment, [ECF Nos. 55, 57], are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of August, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**